UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LINDSAY SINGER,                                         :

                        Plaintiff,              :

   -  against -                                    :        **COMPLAINT & JURY
                                                                          DEMAND**

DRESS BARN, INC., FRANCESCA ROSINI, in her           :
corporate capacity as Store Manager of Dress Barn's           Case No._____
Newburgh, NY store and in her individual capacity, and   :
ROSE REIN, in her corporate capacity as District Leader
for Dress Barn's Newburgh, NY store, and in her         :
individual capacity,

                                                        :

                  Defendants,
------------------------------------------------------------------------X


By and through her counsel, Jimmy M. Santos, Esq., of the Law Offices of Jimmy M.

Santos, plaintiff, Mrs. Lindsay Singer, hereby avers against defendants:


## I.        THE PARTIES, JURISDICTION & VENUE


1.        Plaintiff Lindsay Singer ("plaintiff" or "Mrs. Singer") is a thirty-four (34) year

old female.  She resides at 6 Franklin Place, Washingtonville, Orange County, New York 10992.

2.        At all relevant times, defendant Dress Barn, Inc. ("DRESS BARN") was

plaintiff's employer.  Upon information and belief, Dress Barn's corporate headquarters is 933

Macarthur Blvd., Mahwah, NJ 07430-2045.

3.        At all relevant times, defendant DRESS BARN was and continues to be a

domestic for-profit corporation created under the laws of the State of New York, and/or the

United States.

4.      At all relevant times, DRESS BARN, as part of and/or a subsidiary of the Ascena Retail Group which is also located at 933 Macarthur Blvd., Mahwah, NJ 07430-2045, is a clothes retailer which has over eight hundred (800) stores nation-wide and sells women's clothing.

5.      At all relevant times, DRESS BARN had and continues to have fifteen (15) or more "employees" within the meaning of that term as found in the Americans With Disabilities Act of 1990, as amended (the "ADA"), and NY Executive Law *secs.* 290, et seq., (the N.Y.S. Human Rights Law or the "NYSHRL").

6.      At all relevant times, defendant Francesca Rosini ("ROSINI") was and, upon information and belief, continues to be Store Manager of DRESS BARN's store where Mrs. Singer worked, and which is located at the Newburgh Towne Center, 1433 Route 300, Newburgh, Orange County, NY 12550 (the "Newburgh Store").

7.      At all relevant times, as Store Manager of the Newburgh Store, ROSINI was Mrs. Singer's immediate supervisor and had the authority and power to negatively affect the terms and conditions of plaintiff's employment at DRESS BARN and did so as set forth below.

8.      At all relevant times, defendant Rose Rein ("REIN") serves and, upon information and belief, continues to serve as DRESS BARN's District Leader in which the Newburgh Store is included, was plaintiff's second-in-line supervisor, and had the power and authority to negatively affect the terms and conditions of Mrs. Singer's employment at DRESS BARN and did so as set forth below.

9.      At all relevant times, ROSINI and REIN condoned, ratified, approved, aided and abetted in, and/or directly participated in the disparate treatment, harassment and culminating work conditions which forced Mrs. Singer to resign from DRESS BARN, in whole or substantial

part, due to Mrs. Singer's actual disability (i.e., having epilepsy), her record of having epilepsy, and/or her being "regarded as having" an actual disability, or being perceived as having a disability in violation of the ADA and the NYSHRL.

10.     This Court has personal jurisdiction over the defendants, pursuant to NY CPLR sec. 301, since defendants have "engaged in such a continuous and systematic course of doing business [in New York state] as to warrant a finding [all defendants to be present] in this jurisdiction".

11.     This Court has federal question jurisdiction over plaintiff's claims under the ADA, and this Court's jurisdiction is invoked pursuant to 42 USC. secs. 12102, *et seq*., and under 42 USC secs. 1331 and 1343.

12.     Prior to filing this action with the Court, with respect to plaintiff's claims of unlawful discrimination under the ADA, plaintiff received a right to sue letter dated February 7, 2018 from the EEOC and commenced this action within ninety (90) days of plaintiff's receipt of the same.  Annexed hereto as exhibit "A" is a copy of plaintiff's right to sue letter dated 02/07/18.

13.     The jurisdiction of this Court over plaintiff's claims under the NYSHRL is invoked pursuant to 28 USC sec. 1367(a) since plaintiff's ADA and NYSHRL claims all stem "from the same nucleus of operative facts".

14.     Venue is proper in this judicial district (the "SDNY") since all of defendants' unlawful employment practices and decisions alleged herein, and/or the adverse effects from these practices and decisions on the terms and conditions of plaintiff's employment with DRESS BARN took place, were committed and/or occurred within this judicial district pursuant to 28 USC sec. 1391.

## II.      FACTUAL AVERMENTS

15.      At all relevant times, Mrs. Singer has had epilepsy, was diagnosed with the same in 2014, has suffered from epilepsy on a long-term basis, and probably will suffer from this condition for the rest of her life.

16.      Mrs. Singer's epilepsy is an actual disability as the term is defined under the ADA and the NYSHRL since, it is a physical neurological impairment which substantially limits the following major life functions, which include but are not limited to: her cognitive function and ability to concentrate.

17.      Prior to working for DRESS BARN, Mrs. Singer's epilepsy was under control and she did not suffer any *petit mal* or *grand mal* seizures from the time after she was diagnosed with having epilepsy in 2015 until the time she was hired by DRESS BARN.

18.      On July 16, 2016, DRESS BARN hired plaintiff to serve as a full-time Assistant Store Manager at the Newburgh Store.

19.      At all relevant times, except when defendants' harassment against Mrs. Singer on the basis of her disability required Mrs. Singer to take a medical leave of absence on or about February 27, 2017, Mrs. Singer worked competently, her job performance was more than satisfactory, and she was able to perform the essential job functions as an Assistant Store Manager.

20.      As an Assistant Store Manager, Mrs. Singer's work duties at the Newburgh Store included but were not limited to: opening and closing the store; running and providing her

superiors with reports as to the volume of sales, etc.; managing the store's floor and supervision of the store's associate employees (who were her subordinates); and providing customer service.

21.     Unlike the training given to Mrs. Singer's co-workers and to the other Assistant Store Manager at the Newburgh Store (Allison Gaucher), all of whom aren't disabled, defendants did not fully train Mrs. Singer because of plaintiff's disability.

22.     In or about September 2016, when plaintiff asked ROSINI to go over her duties and job functions more slowly (due to her epilepsy) as to the ways Mrs. Singer had to perform her job, ROSINI would not provide Mrs. Singer's these repeated requests for reasonable accommodation, but instead would say – "I don't want to hear it".

23.     Beginning around this time, ROSINI would constantly tell Mrs. Singer on most if not on every occasion that ROSINI visited the Newburgh Store when Mrs. Singer was present words to the effect – "I don't know, you need to get over [your disability]!".

24.     Around this time, behind Mrs. Singer's back, and on a regular basis, ROSINI had discussions with plaintiff's subordinates to elicit "negative" feedback about plaintiff.

25.     As a result of defendants' harassing and discriminatory acts on the basis of Mrs. Singer's disability which caused plaintiff's work environment to be stressful, for the 1st time since the time prior to plaintiff being diagnosed with having epilepsy, defendants exacerbated the symptoms of Mrs. Singer's epilepsy by harassing and demeaning her constantly to the point that, on or about October 18, 2016, plaintiff suffered a *petit mal* seizure while at work, and had to be hospitalized for three (3) days.

26.     On or about October 21, 2016, Mrs. Singer returned to work without any restrictions/ limitations requested by her physician.

27.     On the following day, ROSINI told Mrs. Singer that, allegedly, plaintiff's subordinates were "not comfortable" with Mrs. Singer's epilepsy.

28.     Despite ROSINI's knowledge that Mrs. Singer's disability, allegedly, were making plaintiff's subordinates "uncomfortable", defendants failed to take any disciplinary action against any of Mrs. Singer's co-workers-subordinates.

29.     After Mrs. Singer had the *petit mal* seizure around on or about October 18, 2016, on almost every or on every occasion that ROSINI met with Mrs. Singer one-on-one, ROSINI would tell Mrs. Singer that, allegedly, her co-workers "did not respect [plaintiff]".

30.     Again, defendants failed to take any disciplinary actions against any of Mrs. Singer's co-workers-subordinates; but rather, defendants encouraged that plaintiff's co-workers-subordinates to disrespect Mrs. Singer in an effort to demean and undermine plaintiff's job performance.

31.     On a constant basis or most if not all the time, ROSINI accused Mrs. Singer of using her epilepsy as an excuse, such as, when Mrs. Singer discussed medications that she had to take for her epilepsy, or when plaintiff didn't understand something readily, or when plaintiff needed explanations at times.  In fact, ROSINI on a frequent basis would say – "are you serious?" to Ms. Lindsay's requests for assistance in performing her job duties.

32.     Most if not every time Mrs. Singer brought up to ROSINI that her epilepsy affected her cognitive function (but not to the extent that Mrs. Singer wasn't able to perform the essential functions of her job), ROSINI would respond that "she didn't want to hear it".

33.     In or about early January 2017, on the recommendation of ROSINI, Mrs. Singer explained to her subordinates how her epilepsy affected her.

34.     On or about the following day, in a meeting in which Mrs. Singer, ROSINI and one of plaintiff's subordinates were present due to the subordinate's making an inappropriate sexual remark to Mrs. Singer, ROSINI expressed disapproval that Mrs. Singer "had opened up" about her disability to her subordinates despite the fact that ROSINI had recommended plaintiff do so.

35.     At this meeting, ROSINI again remarked that, allegedly, "all the girls believe that [you're using your epilepsy] as an excuse" and was combative towards Mrs. Singer although no discipline was issued against the subordinate who made the sexually inappropriate remark nor against plaintiff's subordinates who had an "issue" with Mrs. Singer's epilepsy.

36.     In or about January/ February 2017, due to the constant, and almost daily if not daily harassment by defendants against Mrs. Singer in the form: of "put-downs"; their constant reference to Mrs. Singer as allegedly using her disability as an excuse; their constant undermining her co-workers' respect of Mrs. Singer as an Assistant Store Manager; their constant undermining Mrs. Singer's ability to perform her job functions and skills by falsely criticizing Mrs. Singer's job performance; their belittling and humiliating her; their constantly saying that Mrs. Singer's co-workers were, allegedly, "uncomfortable" about her epilepsy; and their singling plaintiff for disrespectful and humiliating treatment, defendants created an objectively and subjectively hostile work environment towards plaintiff to the extent that Mrs. Singer began to have partial seizures on a regular basis, and began to see a mental health provider for the anxiety and loss of self-esteem caused by the aforementioned harassment.

37.     Due to defendants' unlawful harassment against Mrs. Singer based on her disability, on February 20, 2017, and at the time of plaintiff's sixth (6th) month review which

defendants rated her work as allegedly being "poor", Mrs. Singer had her 2nd *petit mal* seizure at work and, again, had to be hospitalized.

38.     Defendants' treatment towards Mrs. Singer was so severe that, around the time that she had the 2nd seizure, Mrs. Singer began to: stutter when she spoke; have partial seizures regularly; her mood became agitated and irritable; her cognitive ability was impaired; her ability to "find or recall" words became impaired; she experienced short-term memory loss; and she experienced severe depression.

39.     Beginning on February 27, 2017, defendants forced Mrs. Singer to take a medical leave of absence from DRESS BARN as she was now unable to function at work due to defendants' discriminatory and hostile acts.

40.     Due to defendants' disparate treatment and harassment against Mrs. Singer on the basis of her disability which had caused a severe exacerbation of her epilepsy to the point that Mrs. Singer could not drive nor work outside her home, she had three (3) hospital stays for the two (2) *petit mal* seizures and one for a three (3) day evaluation with respect to her epilepsy, Mrs. Singer has been rendered close to being or being fully disabled.

41.     As a result of defendants' disparate treatment of and their subjecting Mrs. Singer to a severely abusive and hostile work environment, on May 10, 2017, Mrs. Singer was forced to resign, and thus, was constructively discharged from DRESS BARN as she was now close to being or was fully disabled.

42.     As a result of defendants' disability discrimination and harassment against the plaintiff, plaintiff has, and will likely continue to suffer significant economic losses, including lost back and front wages, as well as severe physical sickness (including permanent impairment to her cognitive function and memory loss) and emotional distress.

43.     Defendants' acts of disability discrimination and harassment whereby Mrs. Singer was rendered close to or being fully disabled were malicious and wanton and must be punished and deterred by imposing substantial punitive damages as against DRESS BARN.

44.     Defendants' acts of discrimination and harassment whereby Mrs. Singer has been rendered close to being or being fully disabled due to her actual, her record of having, and/or being regarded as or perceived as disabled were intentional and in violation of the ADA and the NYSHRL.

**AS AND FOR PLAINTIFF'S 1ST CAUSE OF ACTION AGAINST DEFENDANT DRESS BARN FOR SUBJECTING PLAINTIFF TO A HOSTILE WORK ENVIRONMENT DUE TO HER DISABILITY UNDER THE ADA, AS AMENDED**

45.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "44" above.

46.     As set forth in more detail above, defendant DRESS BARN subjected Mrs. Singer to a hostile work environment based, in whole or in substantial part, on her actual disability, her record of having a disability, and/or defendants' regarding plaintiff as having a disability in violation of 42 USC. secs. 12102, *et seq*.

**AS AND FOR PLAINTIFF'S 2ND CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR SUBJECTING PLAINTIFF TO A HOSTILE WORK ENVIRONMENT DUE TO HER DISABILITY UNDER THE NYSHRL**

47.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "46" above.

48.     As set forth in more detail above, all defendants subjected Mrs. Singer to a hostile work environment based, in whole or in substantial part, on her actual disability, her record of having a disability, and/or defendants' regarding plaintiff as having a disability in violation of NY Executive Law secs. 290, *et seq.*

## AS AND FOR PLAINTIFF'S 3rd CAUSE OF ACTION AGAINST DEFENDANT DRESS BARN FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HER DISABILITY UNDER THE ADA, AS AMENDED

49.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "48" above.

50.     As set forth in more detail above, defendant DRESS BARN subjected Mrs. Singer to disparate and inferior treatment in comparison to plaintiff's non-disabled co-workers, including but not limited to DRESS BARN's constructive discharge of Mrs. Singer, which was also due to a hostile work environment based, in whole or in substantial part, on her actual disability, her record of having a disability, and/or defendants' regarding plaintiff as having a disability in violation of 42 USC. secs. 12102, *et seq.*

## AS AND FOR PLAINTIFF'S 4th CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HER DISABILITY UNDER THE NYSHRL

51.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "50" above.

52.     As set forth in more detail above, all defendants subjected Mrs. Singer to disparate and inferior treatment in comparison to plaintiff's non-disabled co-workers, including

but not limited to DRESS BARN's constructive discharge of Mrs. Singer, which was also due to

a hostile work environment based, in whole or in substantial part, on her actual disability, her

record of having a disability, and/or defendants' regarding plaintiff as having a disability in

violation of NY Executive Law secs. 290, *et seq.*

**AS AND FOR PLAINTIFF'S 5th CAUSE OF ACTION AGAINST DEFENDANT DRESS
BARN FOR RETALIATING AGAINST PLAINTIFF DUE TO HER REQUEST FOR
<u>REASONABLE ACCOMMODATIONS UNDER THE ADA, AS AMENDED</u>**

53.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1

through "52" above.

54.     As set forth in more detail above, defendant DRESS BARN subjected Mrs. Singer

to retaliation, including but not limited to DRESS BARN's constructive discharge of Mrs.

Singer, and subjecting her to a hostile work environment based, in whole or in substantial part,

on plaintiff's requesting reasonable accommodations in violation of 42 USC. secs. 12102, *et seq*.

**AS AND FOR PLAINTIFF'S 6th CAUSES OF ACTION AGAINST ALL DEFENDANTS
DRESS BARN FOR RETALIATING AGAINST PLAINTIFF DUE TO HER REQUEST
FOR <u>REASONABLE ACCOMMODATIONS UNDER THE NYSHRL</u>**

55.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1

through "54" above.

56.     As set forth in more detail above, all defendants subjected Mrs. Singer to

retaliation, including but not limited to defendants' constructive discharge of Mrs. Singer, and

subjecting her to a hostile work environment based, in whole or in substantial part, on plaintiff's

requesting reasonable accommodations in violation of NY Executive Law secs. 290, *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Court empanel a jury of plaintiff's peers, and enter judgment against defendants as follows, in an amount to be determined at trial, inclusive but not limited to:

(a)      an award of damages for all back and front wages owed plaintiff due to defendants' termination of her employment based, in whole or in part, on plaintiff's disability, her record of having such disability, and/or plaintiff being "regarded as" having such disability in violation of the ADA;

(b)      an award of full compensatory damages as against defendants for their unlawful discriminatory acts against her in an amount to be determined at trial, including payment for plaintiff suffering severe physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts under the ADA and NYSHRL;

(c)      an award of liquidated and/or punitive damages against defendant DRESS BARN for its agents' unlawful discriminatory acts against plaintiff in an amount to be determined at trial under the ADA;

(d)      an award of plaintiff's reasonable attorney's fees and the costs of prosecuting this action under 42 USC sec. 1988, 42 USC sec. 1981a, and the ADA; *and*

(e)       any such other and further relief that this Court may deem just and proper.

Dated: February 22, 2018
       Cornwall, New York

                                    Respectfully Submitted,

*Jimmy M. Santos*
_____
Jimmy M. Santos, Esq. (JS-0947)
LAW OFFICES OF JIMMY M. SANTOS, PLLC
28 Wilson Place
Cornwall, New York 12518
Telephone: (845) 537-7820
Fax:    (845) 595-2266
Email: jmssesq@gmail.com
*Attorney for Plaintiff Lindsay Singer*

EXHIBIT "A"